STARK BROS.' NURSERIES & ORCHARDS CO. v. LITTLE et al.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1919.)

No. 2607.

1. CORPORATIONS ☞640—FOREIGN CORPORATIONS—FILING OF REPORTS—STATUTE—APPLICATION.

Rev. Codes Mont. § 3850, relating to the filing of reports and affidavits by corporations, was not intended to, and does not, apply to foreign corporations.

2. CORPORATIONS ☞640—FILING OF REPORTS—FOREIGN CORPORATIONS—"DEBT OR JUDGMENT."

If Rev. Codes Mont. § 3850, making directors of corporations liable for debts if they do not file certain reports, applied to foreign corporations, the "debt or judgment" specified therein must be limited to a debt incur-

red in Montana or a judgment based thereon: a state being without power to make nonresident directors of a corporation of another state liable upon a debt incurred in still another state to another foreign corporation.

3. PLEADING ☞34(3)—PRESUMPTIONS IN AID OF—FILING OF REPORTS—LIABILITY OF DIRECTORS OF CORPORATIONS.

Assuming that Rev. Codes Mont. § 3850, making directors of a corporation liable for debts of the corporation if they do not file certain reports, applies to foreign corporations, in a proceeding against directors of a foreign corporation for not filing such reports in Montana, it must be specifically alleged that the debt was incurred in Montana, inasmuch as a judgment rendered in Montana on a debt raises no presumption that the debt was there incurred.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Stark Bros.' Nurseries & Orchards Company against Charles B. Little and W. D. Starnes. There was judgment for defendants, and plaintiff brings error. Affirmed.

Ben M. Smith, of Chicago, Ill., for plaintiff in error.

L. A. Stebbins, of Chicago, Ill., for defendants in error.

Before BAKER, MACK, and ALSCHULER, Circuit Judges.

MACK, Circuit Judge. Pursuant to the provisions of section 3850 of the Revised Code of Montana, the material portions of which are copied in the margin,[1] action was brought by plaintiff corporation against the directors of a South Dakota corporation doing business in Montana, to subject them to a Montana judgment recovered by plaintiff against the corporation. To the declaration, which alleged the failure of the corporation to file the required report within the statutory period and of defendants to file the required affidavit, a demurrer was sustained.

[1] 1. Under the decisions of Helena Power-Transmission Co. v. Spratt, 35 Mont. 108, 88 Pac. 773, 8 L. R. A. (N. S.) 567, 10 Ann. Cas. 1055, and Daily v. Marshall, 47 Mont. 377, 133 Pac. 681, and

---

[1] "Sec. 3850. Every corporation, having a capital stock, except banks, trust companies and building and loan associations, shall annually, within twenty days from and after the thirty-first day of December, file, in the office of the clerk of the county in which the principal place of business of such corporation is situated, a report which shall state the amount of the capital stock, the proportion thereof actually paid in and the amount thereof actually paid in cash and the amount issued, if any, in payment of property purchased and the amount of existing debts and also the names and addresses of the directors or trustees and of the president, vice-president, general manager and secretary of the corporation. Such report shall be signed by the president and a majority of directors. * * * If any such corporation shall fail to file such report, directors of the corporation shall be, jointly and severally, liable for all debts or judgments of the corporation then existing, or which may thereafter be in any wise incurred until such report shall be made and filed; provided, however, that if within ten days after such failure a director, or directors, shall make and file, as aforesaid, an affidavit or affidavits, stating that the failure was due to no fault or neglect of his or theirs, and stating, also, that, within the said twenty days he or they requested the president or sufficient number of the other directors, whose residence was known to the affiants, to join them in making report, such director, or directors, shall not be liable under this section. * * *"

notwithstanding Nelson v. Bank, 157 Fed. 161, 84 C. C. A. 609, 13 Ann. Cas. 811, we are satisfied that this statute was not intended to and does not apply to foreign corporations.

[2, 3] 2. At the oral argument, counsel properly conceded that, if the statute applied to foreign corporations, "the debt or judgment" specified in the statute must be limited to a debt incurred in Montana or a judgment based thereon; otherwise, the act would be clearly unconstitutional, as Montana is without power to make Illinois directors of a South Dakota corporation liable upon a debt incurred in Missouri to a Missouri corporation. That the judgment was rendered in Montana raises no presumption that the debt was there incurred. Proof of this fact would be essential; the fact itself must therefore be alleged in the declaration. Bartlett v. Crozier, 17 Johns. (N. Y.) 439, 8 Am. Dec. 428.

Judgment affirmed.